# UNITED STATES DISTRICT COURT
## NORTHEN DISTRICT OF ILLINOIS EASTERN DIVISION

STEWART, JAMES

    Plaintiff (s)

V

AMSHER COLLECTION SERVICES,

    Defendant (s)



1:17-cv-03446
Judge Robert W. Gettleman
Magistrate Judge Sheila M. Finnegan

**FILED**

MAY - 8 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

1) This is an action for statutory and actual damages brought by individual consumer, JAMES STEWART Plaintiff, against Defendant, AMSHER COLLECTION SERVICES (ACS) for violations of the following: TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC§ 227, FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 1692, ILLINOIS COLLECTION AGENCY ACT 225 ILCS 425, FAIR CREDIT REPORTING ACT (FCRA) 15 USC.§1681.

## JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 15 USC§1692k (d), 15 USC§1681p, and 47 USC. §227(b) (3), 28 USC 1331, and 1337a. The court has pendent and supplemental Jurisdiction over state claims under 28 USC 1367.

3) Venue is proper pursuant to 28 U.S.C. §1391b (2), and 28 U.S.C. 1391(d). Venue in this District is proper in that the Plaintiff resides in Cook County Illinois, which is in the NORTHERN DISTRICT COURT OF ILLINOIS for the EASTERN DIVISION.

4)     Defendant ACS is authorized to do business in Illinois and the conduct complained of occurred in Cook County Illinois.

## PARTIES

5)     Plaintiff, James Stewart, is a natural person and at all times relevant, a resident and Citizen of the State of Illinois.

6)     Plaintiff is a consumer as that term is defined by 15 USC 1692a (3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt. As defined by 15 USC 1681a(c). The term "consumer" means an individual.

7)     Consumer debt, consumer credit, means money or property or their equivalent due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction 225 ILCS 425/2.

8)     Upon information and belief, Defendant, ACS is a foreign corporation, authorized to do business in the STATE OF ILLINOIS. See exhibit 1

9)     Upon information and belief, Defendant ACS is a foreign corporation who's corporate address is 4524 Southlake Pkwy #15 Hoover AL 35244.(statements say Birmingham AL).

10)    Upon information and belief, defendant is a debt collector as defined by 1692(a)(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Define under 225 ILCS 425/3 A person acts as a collection agency when he, she, or it: (a) Engages in the business of collection for others of any account, bill or other debt; See exhibit 1

## FACTUAL ALLEGATIONS

11) Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor (T-Mobile) other than Defendant ACS.

12) Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes 15 USC 1692a (5) and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13) Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another. 15 USC 1692a (6), 225 ILCS 425/3.

14) On or about January 2, 2017 through January 17, 2017 ACS started calling Plaintiff's wireless cell phone number 312-217-0492 from phone number 877-322-9724 which is ACS's phone number used to place calls to Plaintiff.

15) Plaintiff alleges ACS made calls to Plaintiff's wireless phone beginning around January 2, 2017 and continuing through January 17, 2017 using ATDS capable equipment. See exhibit

16) The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having consent given at any time.

3

17) Plaintiff alleges ACS called Plaintiff's wireless phone number 312-217-0492 on the following dates and times:

- January 16, 2017 at 11:50am
- January 16, 2017 at 4:50pm
- January 17, 2017 at 3:27 pm

18) Further, on the several occasions when Plaintiff would answer Defendant's calls Defendant would not say anything and there would be only dead air.

19) On the several occasions when Plaintiff would answer Defendant's calls he stated, "Do not call this number again", but there was only dead air and Defendant disconnected the call.

20) Plaintiff at or near the time of each call placed to his wireless phone by the Defendant, made handwritten notes of all call details including but not limited to the date, time, whether he answered the call and what was said by the caller, if anything, what he said or whether a voicemail message was left. See exhibit 3

21) Upon information and belief defendant violated the FDCPA by causing a telephone to ring with intent to annoy, abuse, or harass.

22) Upon information and belief, defendant violated the FDCPA by reporting to the major credit bureaus allege debt that is disputed without telling the credit bureaus the debt is disputed. See exhibit 4

23) Upon information and belief, Defendant violated the ILLINOIS COLLECTION AGENCY ACT by causing a telephone to ring with intent to annoy, abuse, or harass.

24) Upon information and belief, Defendant violated the ILLINOIS COLLECTION AGENCY ACT by reporting to the 3 major crediting reporting agency's a debt before validation was complete.

4

25) Upon information and belief, Defendant violated ILLINOIS COLLECTION AGENCY ACT by attempting to collect an alleged debt while the state license was not up to date. See exhibit 5

26) Upon information and belief, Defendant violated the FAIR CREDIT REPORTING ACT by reporting to the 3 major crediting reporting agency's a debt before validation was complete.

27) Upon information and belief, Defendant violated the FAIR CREDIT REPORTING ACT by not reporting to the credit reporting agency a debt was being disputed. See exhibit 3

28) Upon information and belief Defendant violated the ILLINOIS COLLECTION AGENCY ACT by not reporting to the credit reporting agency a debt was being disputed.

29) Upon information and belief Defendant violated the FAIR CREDIT REPORTING ACT by pulling Plaintiff's credit report with permission. See exhibit 6

30) Upon information and belief, Defendant violated TCPA with a lot more calls than listed above; therefore plaintiff reserved the right to amend complaint and add more call to the complaint.

### COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT47 U.S.C. §227**

31) Plaintiff incorporates the information in paragraphs 1 through 30.

32) Plaintiff alleges Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's cell phone number, 312-217-0492 which is assigned to a cellular telephone service.

33) Plaintiff alleges Defendant has committed (9) separate violations of 47U.S.C. §227(b)(1)(A)(iii).

34) Plaintiff private right of action under 47 USC 227(b)3.

35) The Plaintiff has never given ACS permission to call Plaintiff's cell phone.

36) Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. §227 (a)(2).

**WHEREFORE,** Plaintiff respectfully demand that judgment be entered for damages against ACS for actual, mental, emotional distress, and statutory damages of the TCPA 47 U.S.C. 227 (b)(3)(C) and punitive damages, attorneys fees and costs.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PATICES ACT FDCPA

37) Plaintiff re-alleges and incorporates the information in paragraphs 1 through 36.

38) Plaintiff alleges Defendant violated the FDCPA by harassing Plaintiff in calling his cell phone number daily from around January 2, 2017 through January 17, 2017 about an alleged debt. 15 U.S.C FDCPA 1692(d)(5).

39) Plaintiff disputed debt by sending a validation letter December 27, 2016, defendant responded with statements of allege account.

40) Plaintiff sent second validation letter January 17, 2017. On around January 29, 2017 Plaintiff received letter from defendant dated January 25, 2017 informing that "account has been marked as disputed and we have contacted the creditor with a request for validation of the account. If this account has previously been reported by Amsher to the credit bureaus, then notification has now been sent to Experian, TransUnion, Equifax and Innovis, advising that this account has been disputed". See exhibit 7. Three days later, Plaintiff receives an email

that Plaintiff's credit information has change with Amsher reporting allege account without stating the allege account is disputed. Violation of 15 USC 1692(g)(b), 15 USC 1692e (8).

**WHEREFORE,** Plaintiff respectfully demand that judgment be entered for damages against ACS for actual, mental, emotional distress, statutory and punitive damages, attorney's fees and costs.

## COUNT III

## ILLINOIS COLLECTION AGENCY ACT

41) Plaintiff People of the STATE OF ILLINOIS ex.rel. JAMES STEWART incorporates paragraphs 1 through 40.

42) Upon information and belief plaintiff alleges ACS attempted to collect an allege debt while (not in good standing) with-in the STATE OF ILLINOIS 225 ILCS 425/4.5, 425/14a.

43) Plaintiff alleges defendant violated 225 ILCS 425/9 (a)(19)(D) by causing a telephone to ring with intent to annoy, abuse, or harass.

44) Plaintiff alleges defendant violated 225 ILCS 425/9(a) (22) by not reporting to the credit reporting agency a debt was being disputed.

45) Plaintiff alleges defendant violated 225 ILCS 425/9.3 (b) by reporting to the 3 major credit reporting agency's alleged debt before Validation of disputed debt was complete.

WHEREFORE, the attorney general may enforce violations of these Act's as an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act. Plaintiff respectfully demand that judgment be entered for injunctive release for actual, mental, emotional distress, statutory and punitive damages, attorney's fees and cost 815 ILCS 505/10a(a).

## COUNT IV

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

46). Plaintiff alleges and incorporates the information in paragraphs 1 through 45.

47) Plaintiff on January 18, 2017 sent Defendant a debt validation letter.

48) Plaintiff alleges Defendant sent acknowledgement of dispute letter dated January 25, 2017 stating, the account has been marked as disputed.

49) Defendant stated in letter "We have contacted the creditor with a request for verification of the account".

50) Plaintiff alleges Defendant on February 1, 2017 reported to the 3 major credit reporting agency's the alleged debt before validation of disputed debt was completed.

51) Plaintiff alleges Defendant reported to the 3 major credit reporting agency's without informing the agency's the allege debt was disputed.

52) Plaintiff alleges this conduct was willful and negligent noncompliance to cause harm to plaintiff's ability to received credit.

53) Plaintiff alleges Defendant violated FCRA 1681 s-2 (a)(1)(A), 1681s-2 (a)(1)(B)(i)(ii).

54) Plaintiff alleges defendant violated FCRA 1681b (a)(1)(2)by pulling plaintiff consumer credit report without the consent of the plaintiff.

**WHEREFORE** Plaintiff respectfully demand that judgment be entered for injunctive release for actual, mental, emotional distress, statutory and punitive damages, attorney's fees and cost 15 U.S.C. 1681n (a)(1)(A)(B)(2)(3), 1681o(a)(1)(2)(b).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues as a matter of law. U.S. Const. Amed7 Fed R Civ. Pro 38

Respectfully submitted this __8__ of __MAY__, 2016

_[signature]_

James Stewart
8132 S Harvard
Chicago Il 60620
312 217 0492
Cnajames1961@yahoo.com



Illinois Department of Financial and Professional Regulation

## Lookup Detail View

Contact

| Name | City/State/Zip | DBA/AKA |
|---|---|---|
| AMSHER COLLECTION SERVICES INC | Hoover, AL 35244-3271 | |

Contact Information

License

| License Number | Description | Status | First Effective Date | Effective Date | Expiration Date | Ever Disciplined |
|---|---|---|---|---|---|---|
| 017020571 | LICENSED COLLECTION AGENCY | ACTIVE | 03/05/2002 | 05/29/2015 | 05/31/2018 | N |

License Information

Generated on: 2/21/2017 9:20:28 PM



Public Utility Commission of Texas

ADAD Report

## AMSHER COLLECTION SERVICES INC

Permit No: 130062

Type: ADAD
Permit Approved Date: 11/18/2013
Date Last Renewed: 11/18/2016

**DBA Names**

No DBA Records

**Contact Information**

*Company / Physical (Mailing Address)*
AMSHER COLLECTION SERVICES INCQ
KRISTA FORBUS
4524 SOUTHLAKE PARKWAY
SUITE 15
HOOVER, AL 35244
**Web:** www.amsher.com
**Email:** kforbus@amsher.com
**Phone:** 205-313-2575
**Fax:** 205-536-7265

*ADAD Physical Address*
LIVEVOX
MARK MALLAH
111 EIGHTH AVE
NEW YORK, NY 10011
**Phone:** 415-675-1061
**Fax:** 415-398-1063 0

*ADAD Physical Address*
AMSHER COLLECTION SERVICES INCQ
ADAD A
600 BEACON PARKWAY WEST
SUITE 300
BIRMINGHAM, AL 35209
**Web:** www.amsher.com
**Phone:** 205-313-2538
**Fax:** 205-251-0448

**Reports**

2016
**ADAD Annual Report**
**Submitted:** 10/21/2016
**Approved:** 10/24/2016

2015
**ADAD Annual Report**
**Submitted:** 11/3/2015
**Approved:** 11/12/2015

2014
**ADAD Annual Report**
**Submitted:** 12/3/2014
**Approved:** 12/3/2014

2013
**ADAD Annual Report**
**Submitted:** 9/24/2013
**Approved:** 12/3/2014

2012
**ADAD Annual Report**
**Submitted:** 2/1/2012
**Approved:** 2/13/2012

2010
**ADAD Annual Report**
**Submitted:** 12/6/2010
**Approved:** 12/14/2010

2009
**ADAD Annual Report**
**Submitted:** 12/16/2009
**Approved:** 12/29/2009

2008
**ADAD Annual Report**
**Submitted:** 11/20/2008
**Approved:** 12/5/2008

2007
**ADAD Annual Report**
**Submitted:** 1/5/2007
**Approved:** 11/14/2007

*End Report*

# DEBT COLLECTION CALL MANAGEMENT LOG

| DATE | TIME OF CALL | CALLER ID # | CALLER/COMPANY NAME | LIST COMMENTS OF WHAT WAS SAID AND DETAILS |
|---|---|---|---|---|
| 1/16/17 | 11:50 | 877 322 9724 | Amsher | "What to Viladate who I am without Viladates" |
| 1/16/17 | 4:50 | 877 322 9724 | Amsher | them selve |
| 1/17/17 | 3:27 | 877 322 9724 | Amsher | Asked to Villadate again, Told them I have sent a Vatidation letter |

JAMES M STEWART
Report As Of: 2/4/2017

**Experian®**

## Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

| AMSHER COLLECTION SE | | Experian | Equifax | TransUnion |
|---|---|---|---|---|
| Unknown | Account Name | | AMSHER COLLECTION SE | 11 T MOBILE |
| | Account # | | 188250XX | 188250XX |
| 2053224110 | Account Type | | Other | Collection services |
| 4524 SOUTHLAKE PARKWAY | Balance | | $237.00 | $237.00 |
| STE 15 | Past Due | | $0.00 | $0.00 |
| HOOVER, AL 35244 | Date Opened | | 11/29/2016 | 11/29/2016 |
| | Account Status | | | |
| | Mo. Payment | | $0.00 | $0.00 |
| | Payment Status | | Unpaid | |
| | High Balance | | $0.00 | $0.00 |
| | Limit | | $0.00 | $0.00 |
| | Terms | | | |
| | Comments | | | |

24/Mo Payment History

JAMES M STEWART
Report As Of: 2/4/2017

**Experian®**

## Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

| AMSHER COLLECTION SERV | Experian | Equifax | TransUnion |
|---|---|---|---|

Unknown

2053224110
4524 SOUTHLAKE PKWY STE
HOOVER, AL 35244

| | |
|---|---|
| Account Name | AMSHER COLLECTION SERV |
| Account # | 188250XX |
| Account Type | Other Collection Agencies |
| Balance | $237.00 |
| Past Due | $237.00 |
| Date Opened | 11/1/2016 |
| Account Status | |
| Mo. Payment | $0.00 |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| High Balance | $0.00 |
| Limit | $0.00 |
| Terms | 1 Month |
| Comments | |

**24/Mo Payment History**

| | 2015 | | | | | | | | | | | 2016 | | | | | | | | | | | | 2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | Negative |



# OFFICE OF THE ILLINOIS SECRETARY OF STATE
## JESSE WHITE
### SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| | |
|---|---|
| **File Number** | 61930108 |
| **Entity Name** | AMSHER COLLECTION SERVICES, INC. |
| **Status** | NOT GOOD STANDING |

| | | | |
|---|---|---|---|
| **Entity Type** | CORPORATION | **Type of Corp** | FOREIGN BCA |
| **Qualification Date (Foreign)** | 11/30/2001 | **State** | ALABMA |
| **Agent Name** | ILLINOIS CORPORATION SERVICE C | **Agent Change Date** | 04/10/2008 |
| **Agent Street Address** | 801 ADLAI STEVENSON DRIVE | **President Name & Address** | JOHN SAMS 600 BEACON PKWY WEST #300 BIRMINGHAM AL 35209 |
| **Agent City** | SPRINGFIELD | **Secretary Name & Address** | DAVID SHER SAME |
| **Agent Zip** | 62703 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | 2016 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

https://www.ilsos.gov/corporatellc/CorporateLlcController          2/20/2017

Page: 9 of 10

Consumer Credit Report for JAMES MONROE STEWART

File Number: 311116137   Date Issued: 03/24/2017

### Regular Inquiries

Inquiry Type: Individual

Inquiry Type: Individual

Inquiry Type: Individual

### Account Review Inquiries

**AMSHER COLLECTIONS** ( 4524 SOUTHLAKE PARKWAY, SUITE 15, HOOVER, AL 35244, (800) 955-7632 )
Requested On: 11/30/2016

P 6S2LO-002 02485-I031956 12/1

 **AmSher**

AMSHER COLLECTION SERVICES, INC.
4524 Southlake Parkway, Suite 15
Birmingham, AL 35244

Mon - Thurs 8:00AM to 7:00PM CST
Friday 8:00AM to 5:30PM CST
1-877-322-9724

January 25, 2017

James Stewart
8132 S Harvard Ave
Chicago, IL 60620-1707

| Account Summary |
|---|
| Original Creditor |
| T-MOBILE |
| Creditor's Acct # |
| 850497726 |
| AmSher Acct # |
| 18825033 |

Dear James Stewart:

This letter is to inform you that we have received your notice of dispute regarding the collection of the above-referenced account placed in our office. Pursuant to 15 U.S.C. § 1692(g) of the Fair Debt Collection Practices Act, the account has been marked as disputed and we have contacted the creditor with a request for validation of the account. If this account has previously been reported by AmSher to the credit bureaus, then notification has now been sent to Experian, TransUnion, Equifax and Innovis, advising that this account has been disputed.

We will provide you with any documentation we receive as a result of our request, for your review and consideration. Feel free to contact us if you have any questions.


Scan this code with your smartphone to pay your bill online


**Pay Online:**
www.amsher.com


**Mail Payments to:**
AMSHER COLLECTION SERVICES, INC.
4524 Southlake Parkway, Suite 15
Birmingham, AL 35244

**Pay By Phone:**
1-888-397-5021

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Jason Borkovec

Director of Operations